**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CASSANDRA KINCAID** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNIFIED SCHOOL DISTRICT NO. 500, KANSAS CITY, KANSAS;** | ) | **Case No.** |
| | ) | |
| **DEFENDANT.** | ) | |

**COMPLAINT WITH JURY DEMAND**

Plaintiff Cassandra Kincaid seeks a jury trial on all claims in this Complaint. For her complaint against Defendants, Plaintiff states as follows:

**Nature of the Case**

1. Ms. Kincaid was and is a successful assistant principal working for a middle school in Unified School District No. 500. After she appropriately reported the sexual assault of a female student at her school, her principal, a male, formally reprimanded her and harassed her. The reprimand directly led to the denial of promotion and advancement in the Defendant School District.

2. Plaintiff seeks monetary damages on her federal claims of unlawful discrimination and retaliation based on gender under Title VII, 42 U.S.C. § 2000e *et seq*. and under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a).

**Jurisdiction and Venue**

3. The United States District Court for the District of Kansas has subject matter jurisdiction over this action because it presents a federal question within 28 U.S.C. § 1331 and presents a civil

rights claim within 28 U.S.C. § 1343. The Court also has jurisdiction over the over the Title VII claims under 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(1) and (2), since a substantial part of the events giving rise to the claims occurred in this District.

5. Plaintiff's action for damages is authorized by 42 U.S.C. § 2000e *et seq*., which provides for redress, including actual and punitive damages and recovery of attorneys' fees, when an individual has suffered discrimination in employment based on race or gender. This Court has jurisdiction over Plaintiff's claim as Plaintiff filed a timely Charge of Discrimination with the EEOC and the EEOC issued a right-to-sue letter mailed on January 26, 2021.

**The Parties**

6. Plaintiff Kincaid is and has been at all relevant times a citizen of the State of Missouri.

7. Defendant Unified School District No. 500 ("USD No. 500") of Kansas City, Kansas, is and has been at all relevant times, a unified school district of the state of Kansas, and may sue and be sued in its own name. K.S.A. 72-8201. The Unified School District may be served with process by serving the Clerk or Secretary of the Board of Education at the USD No. 500 Central Office at 2010 N. 59th Street, Kansas City, Kansas, 66104.

**Administrative Requirements**

8. On or about November 13, 2020, Plaintiff timely filed a complaint with the Equal Opportunity Employment Commission (EEOC) alleging she had been discriminated against on the basis of gender and retaliated against.

9. On January 26, 2021.the EEOC issued a Notice of Suit Rights to Plaintiff. *See Exhibit A.*

10. This lawsuit has been filed within 90 days of receipt of the Notice of Right to Sue.

**Factual Background**

11. Defendant USD No. 500 is a school district located in Kansas City, Kansas, a recipient of federal funds.

12. Plaintiff worked for USD No. 500 for 20 years, most recently as an Assistant Principal at Central Middle School.

13. Plaintiff was and is a valued employee and a successful Assistant Principal.

14. On or about March 21, 2019, a female student reported to Plaintiff that she had been sexually assaulted days earlier in stairwell by a male student.

15. Plaintiff properly contacted the Defendant's Director of Student Services for guidance on how to proceed administratively given that the male student was in special education.

16. The Defendant' Director of Student Services informed her that she should proceed with a "B-level hearing" based on the female student's report.

17. Plaintiff's supervisor, Principal Skretta, was not in the building at the time Plaintiff received the report, so she informed her Principal of what happened.

18. The next day, Principal Skretta met Plaintiff and appeared angry, questioning why she would have reported the alleged sexual assault to the Director of Student Services.

19. On or about March 25, 2019, Principal Skretta emailed Plaintiff and another administrator that he wanted to be informed prior to any discipline of any special education student.

20. On or about March 26, 2019, Principal Skretta emailed Plaintiff and other administrators and announced that he was reducing the male student's suspension and that a "manifestation" was not necessary. After correction from the Defendant's Director of Student Services later that day, Principal Skretta reinstituted the 10-day suspension, "manifestation," and hearing Plaintiff had originally recommended.

21. That same day, he told Plaintiff that she should not attend the hearing, even though she was the person who handled the suspension.

22. On or about March 29, 2019, Principal Skretta wrote up Plaintiff, presenting her with a formal reprimand regarding how she responded to female student's report of sexual assault. Plaintiff asked him what policy or procedure she had violated, and he admitted none.

23. Defendant's policies do not allow assistant principals to receive a formal reprimand unless a policy or procedure had been violated.

24. That same day, March 29, 2019, Plaintiff requested a meeting with Principal Skretta's supervisor, and then met with two other Defendant administrators, providing them a letter that recounted her conduct with respect to the female student's report.

25. On or about April 1, 2019, Plaintiff met with Principal Skretta and another administrator, during which Principal Skretta raised his voice after Plaintiff again asked him what policy she had violated. At the meeting, Principal Skretta again stated that Plaintiff was receiving a formal written reprimand that would go in Plaintiff's HR file.

26. Later that month, Plaintiff reported Principal Skretta's conduct to Defendnat's administrators, who told her they needed to investigate her report.

27. Throughout Spring of 2019, Principal Skretta began to exclude Plaintiff from meetings and communications, leaving Plaintiff to find out about meetings from her subordinates and colleagues.

28. Plaintiff reported Principal Skretta's conduct several times to Defendant's administration, and met with the administrators to ask that Principal Skretta's conduct be stopped. The conduct continued, however.

29. On or about April 25, 2019, Plaintiff reported to Principal Skretta that she had seen through video cameras the male student leaving a classroom several times during class without an escort or teacher checking on him. He did not permit her to take action.

30. On May 5, 2019, Plaintiff reported to Principal Skretta and numerous administrators that the female student had reported to her and her school counselor that the male student had approached her twice during the day, without an escort, and told her that she should kill herself. Plaintiff had also learned that another student had overheard the male student threatening to kill the female student. The female student had been hysterical and making suicidal comments and her parent had to be contacted to take her to a crisis center.

31. Plaintiff pointed out in her email that the male student had not had a Functional Behavioral Hearing and a Behavioral Improvement Plan was not in place.

32. The next day, Principal Skretta told Plaintiff to “leave it alone.”

33. After Principal Skretta’s written remand, in the Spring of 2019, Plaintiff applied for one of five open principal positions with the Defendant. To date, Plaintiff has not received the job.

34. Thereafter, Principal Skretta continued to not include Plaintiff in meetings; Plaintiff reported this conduct again in August of 2019.

35. The other female assistant principal working beneath Principal Skretta at the building also experienced harassing behaviors from him.

36. On February 9, 2020, Principal Skretta reprimanded Plaintiff for not calling him about a building evacuation following a smoke detector alarm while he was out of the building; however Plaintiff was neither in charge of the building at the time, or in charge of crisis drills, or the only assistant principal present.

37. On February 24, 2020, Principal Skretta emailed her to reprimand her for not informing him prior to contacting 911 regarding a student who was, at the time, aggressive and out of control; again no reprimand was warranted.

38. In March of 2020, Plaintiff again met with Defendant's administrators and reported Principal Skretta's ongoing harassment, singling her out for public criticism and unfounded reprimands.

39. In April of 2020, Principal Skretta provided Plaintiff a poor performance evaluation, but he had performed none of the three formal observations of her work prior to the evaluation and conferences afterward. Plaintiff wrote and submitted a rebuttal to Principal Skretta's evaluation. Defendant did not remove the evaluation from her file.

40. In July of 2020, Principal Skretta began to single out Plaintiff for time-reporting requirements.

41. In the Summer and Fall of 2020, Principal Skretta continued to not invite Plaintiff to meetings or inform of her schedule changes.

42. The Defendant interviewed Principal Skretta and concluded that he had not retaliated against Plaintiff.

43. The Defendant admitted that the reprimand and the negative evaluation Principal Skretta issued to Plaintiff were unfounded.

**Count I**
**Retaliation and Retaliatory Harassment**
**Under Title IX**

44. Plaintiff hereby incorporates by reference each and every allegation heretofore pleaded.

45. Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 and its implementing regulation 34 C.F.R Part 106 prohibit discrimination based on sex and prohibit

retaliation against any individual who has made a complaint, testified, or participated in any manner in an investigation into alleged noncompliance with Title IX. *See* 34 C.F.R. § 100.7(e).

46. Plaintiff was entitled to raise complaints concerning student sexual harassment and to participate in investigations concerning such harassment and likewise was entitled to the protection against retaliation.

47. Employees of federally funded educational institutions who raise complaints, or participate in investigations, concerning sexual harassment of students are protected from retaliation by 34 C.F.R. § 100.7(e) and enjoy an implied private right of action for money damages to vindicate their rights.

48. Allegations of sexual assault by a student create a hostile environment or discriminatory educational environment based on sex.

49. Defendant had actual and/or constructive knowledge and notice of the reported sexual assault complaints alleged herein.

50. Plaintiff is protected under Title IX from retaliation for opposing sexual harassment and sexual assault of a student.

51. Plaintiff has a federal statutory right under Title IX to be free from retaliatory action for protected participation or opposition under Title IX in a federally funded educational facility.

52. Defendant, through Principal Skretta and his superiors, ignored or disregarded Title IX's mandate for equal educational opportunities and protections for those who participate in reporting and investigating complaints.

53. Plaintiff engaged in the following protected activities:

a. Properly reporting the sexual assault of a female student on or about March 21, 2019.

b. Properly reporting on April 1, 2019, Principal Skretta's retaliatory and improper written reprimand of her for properly reporting the sexual assault of a female student.

c. Later in April of 2019, properly reporting that the same female student's alleged assailant was not being properly supervised on school premises during school hours.

d. Properly reporting continued harassment of the same female student in April and May of 2019.

e. In March of 2020, again reporting Dr. Skretta's ongoing retaliatory harassment of her.

f. In April of 2020, Plaintiff reported Dr. Skretta's improper and untrue negative performance review of her.

54. After Plaintiff engaged in the foregoing protected activities, and as a result of this, Defendant retaliated against Plaintiff by:

a. Issuing false and improper written reprimands.

b. Issuing false and improper negative performance review.

c. Engaging in chronic, ongoing harassment of Plaintiff in the form of public verbal reprimands, singling Plaintiff out for unnecessary reporting requirements, excluding Plaintiff from communications, meetings and scheduling necessary for her to do her job.

d. Failing to promote her.

e. Failing to remove the improper reprimand and improper performance review.

f. Failing to stop Principal Skretta from continuing his ongoing harassment and retaliation.

55. As a result of the unlawful retaliation and retaliatory harassment to which Plaintiff was subjected, Plaintiff suffered economic damages, including lost income, both past and future, and non-economic damages, including mental anguish, emotional distress, embarrassment, humiliation and loss of enjoyment of life.

56. Defendant, through its employees and agents, demonstrated deliberate indifference to Title IX's mandates for equal educational opportunities and no retaliation for protected activity.

57. The aforesaid occurrences were the direct and proximate result of the negligence and carelessness of Defendant WSU and its employees and agents while acting within the scope and course of their employment.

58. Defendant's indifference and resulting action was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being, justifying the imposition of punitive damages.

**Count II**
**Unlawful Harassment Based on Gender**
**Under Title VII and Title IX**

59. Plaintiff incorporates by reference the allegations stated above and further states as follows:

60. The Unified School District No. 500 is an employer within the meaning of Title VII and is therefore covered by the Act.

61. Plaintiff was an employee within the meaning of Title VII and, therefore, was entitled to the protections of that Act regarding his employment with Unified School District No. 500.

62. Plaintiff has satisfied the administrative and statutory prerequisites to bringing suit against the Unified School District No. 500 for violation of Title VII.

63. Title VII prohibits gender discrimination in hiring, firing, and other terms and conditions of employment as well as harassment based on gender.

64. Title IX prohibits gender discrimination at schools.

65. Defendant subjected to Plaintiff to supervisory harassment based on her gender, in the form of verbal harassment from Principal Skretta, Principal Skretta's exclusion of Plaintiff from necessary communications, meetings and scheduling; Principal Skretta's unwarranted and improper reprimands and performance reviews; Defendant's failure to promote the Plaintiff; and Defendant's failure to put a stop to Principal Skretta's conduct after Plaintiff repeatedly reported his conduct to Principal Skretta's superiors, who had the power to do something to stop it.

66. The gender-based harassment of Plaintiff by Unified School District No. 500 affected the terms and conditions of her employment and violated her rights to be protected under Title VII from harassment based on gender.

67. Principal Skretta's reasons for Plaintiff's reprimands and poor performance review were pretextual in that they were false and procedurally improper.

68. As a result of the harassment, Plaintiff suffered economic damages, including lost income, both past and future, and non-economic damages, including mental anguish, emotional distress, embarrassment, humiliation and loss of enjoyment of life.

69. Defendant's acts were willful, wanton and malicious and in reckless disregard for Plaintiff's rights thereby entitling Plaintiff to punitive damages against Defendant.

**Count III**
**Unlawful Retaliation and Retaliatory Harassment**
**Under Title VII**

70. Plaintiff incorporates by reference the allegations stated above and further states as follows:

71. Plaintiff has satisfied the administrative and statutory prerequisites to bringing this claim for retaliation and retaliatory harassment against the Unified School District No. 500 for violation of Title VII.

72. Plaintiff engaged in the following protected activities:

a. Properly reporting the sexual assault of a female student on or about March 21, 2019.

b. Properly reporting on April 1, 2019, Principal Skretta's retaliatory and improper written reprimand of her for properly reporting the sexual assault of a female student.

c. Properly reporting continued harassment of the same female student in April and May of 2019.

d. In March of 2020, again reporting Dr. Skretta's ongoing retaliatory harassment of her.

e. In April of 2020, Plaintiff reported Dr. Skretta's improper and untrue negative performance review of her.

73. After Plaintiff engaged in the foregoing protected activities, and as a result of this, Defendant retaliated against Plaintiff by:

a. Issuing false and improper written reprimands.

b. Issuing false and improper negative performance review.

c. Engaging in chronic, ongoing harassment of Plaintiff in the form of public verbal reprimands, singling Plaintiff out for unnecessary reporting requirements, excluding Plaintiff from communications, meetings and scheduling necessary for her to do her job; failing to promote her; failing to remove the improper reprimand and improper performance review; and failing to stop Principal Skretta from continuing his ongoing harassment and retaliation.

74. As a result of the unlawful retaliation and retaliatory harassment to which Plaintiff was subjected, Plaintiff suffered economic damages, including lost income, both past and future, and non-economic damages, including mental anguish, emotional distress, embarrassment, humiliation and loss of enjoyment of life.

75. Defendant's acts were willful, wanton and malicious and in reckless disregard for Plaintiff's rights thereby entitling Plaintiff to punitive damages against Defendant.

**PRAYER FOR RELIEF**

76. Based on the foregoing, Plaintiff requests that this Court enter judgment against all Defendants, awarding her: (1) back pay; (2) reinstatement or front pay; (3) compensatory or noneconomic damages to fairly compensate him for the harm inflicted in an amount to be determined by a jury; (4) punitive damages; (5) reasonable attorneys' fees, costs and other expenses associated with this action; and (6) such other relief as may be just and proper.

Respectfully submitted,

BROWN & CURRY, LLC

/s/Dan Curry

Sarah Brown, KS #12130
Dan Curry, KS #22750
406 W. 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458
(816) 666-9596 (FAX)
sarah@brownandcurry.com
dan@brownandcurry.com
ATTORNEYS FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

/s/ Dan Curry
Dan Curry KS # 22750
Attorney for Plaintiff

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the place where this case should be tried.

/s/ Dan Curry
Dan Curry KS # 22750
Attorney for Plaintiff