IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CASSANDRA KINCAID,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**UNIFIED SCHOOL DISTRICT NO. 500,<br>KANSAS CITY, KANSAS,**<br><br>   **Defendant.** | Case No. 21-2059-DDC-TJJ |

### MEMORANDUM AND ORDER

Defendant Unified School District No. 500 has filed a Motion for Summary Judgment. Defendant supports its motion with 80 exhibits. Defendant filed 66 of those exhibits on the court's public docket. But, defendant has moved for leave to file the other 14 exhibits under seal. *See* Doc. 50. The court grants in part and denies in part defendant's sealing motion.

The public has a "general right to inspect and copy public records and documents[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, there's a presumption that the public should have access to judicial records. *Id.* at 602. To overcome this presumption, "'the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Defendant seeks leave to file 14 exhibits under seal. One of these exhibits is a student record. Another one is an employment application submitted by a non-party. The other twelve exhibits are several of plaintiff's applications for employment with defendant. The only reason

defendant gives for filing these exhibits under seal is that the identified exhibits "include confidential student records and employment information" falling under the scope of the case's protective order. *See* Doc. 50 at 1; *see also* Doc. 16 (Protective Order). But, that fact, on its own, doesn't suffice to overcome the presumption of public access to judicial records. *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) ("[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court.").

Defendant hasn't made any showing to overcome the presumption of public access to judicial records. Nevertheless, the court recognizes the sensitivity of the student's record. So, the court will grant defendant leave to file that exhibit, Doc. 50-1 (designated as Exhibit 32), under seal. For the remaining exhibits—plaintiff's employment applications and the single application from the non-party—the court orders defendant to file those documents on the court's public docket, with one important adjustment. The court directs defendant to redact any personal contact information that appears in these exhibits, *i.e.*, phone numbers, e-mail addresses, and physical street addresses. But, the court directs defendant to leave unredacted the city and state portion of the physical addresses. The public is entitled to access that information. The court thus orders defendant to redact the employment application exhibits consistent with the outlines of this Order. And the court orders defendant to file those redacted exhibits on the court's public docket.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Leave to File Under Seal (Doc. 50) is granted in part and denied in part, subject to the limitations discussed in this Order.

**IT IS SO ORDERED.**

**Dated this 15th day of April, 2022, at Kansas City, Kansas.**

                                                           **s/ Daniel D. Crabtree**
                                                           **Daniel D. Crabtree**
                                                           **United States District Judge**