IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CASSANDRA KINCAID,**

    **Plaintiff,**

v.

**UNIFIED SCHOOL DISTRICT NO. 500, KANSAS CITY, KANSAS,**

    **Defendant.**

Case No. 21-2059-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Cassandra Kincaid has responded to defendant Unified School District No. 500's Motion for Summary Judgment. Among the exhibits supporting her response, plaintiff seeks leave to file 10 of those exhibits under seal. *See* Doc. 62. The court won't rule plaintiff's sealing motion at this time. Instead, it orders defendant to respond to her motion, for reasons explained below.

The public has a "general right to inspect and copy public records and documents[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, there's a presumption that the public should have access to judicial records. *Id.* at 602. To overcome this presumption, "'the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Plaintiff seeks leave to file 10 exhibits under seal. The only reason plaintiff gives for filing these exhibits under seal is that defendant has designated the identified exhibits as

confidential under this case's protective order. Doc. 62 at 1 (explaining that the identified exhibits "include student records and employment information"). But, that fact, on its own, doesn't suffice to overcome the presumption favoring public access to judicial records. *See Helm*, 656 F.3d at 1292 ("[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court."); *see also JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826–27 (10th Cir. 2014) (reminding that "[c]ontrolling precedent in this circuit . . . explicitly rejects" designating materials as confidential under a protective order "as a sufficient justification for sealing documents").

Plaintiff hasn't made any showing to overcome the presumption of public access to judicial records. In fact, plaintiff's motion tacitly admits that it doesn't meet the legal standard for filing the requested documents under seal. Plaintiff concedes that she filed her sealing motion only because defendant had designated certain documents as confidential. Given that history, the court orders defendant to respond to plaintiff's sealing motion within seven days of this Order. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (explaining that the party seeking to deny the public access to judicial records must shoulder the burden to establish that sufficiently significant interests "heavily outweigh the public interests in access" (quotation cleaned up)). Defendant should explain whether there are sufficiently significant interests to outweigh the public's presumed access to judicial records.

The court recognizes that it previously allowed defendant to file a summary judgment exhibit under seal without making the requisite showing to overcome the presumption of public access to judicial records. *See* Doc. 52. The court did so because that exhibit was, on its face, a sensitive student record. *Id.* at 2. The exhibits here aren't student records. And while they

2

discuss students and generally reference sensitive information about the students, the students' names are redacted.  So, the court can't discern (from the face of the exhibits) why they should remain under seal.  The court thus orders defendant—the party who's designated these documents as confidential—to explain why the public shouldn't have access to these judicial records.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant must respond to plaintiff's Motion for Leave to File Under Seal (Doc. 62) within seven days of this Order, by May 20, 2022.

**IT IS SO ORDERED.**

**Dated this 13th day of May, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
