IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASSANDRA KINCAID,

        Plaintiff,

v.

UNIFIED SCHOOL DISTRICT NO. 500
KANSAS CITY, KANSAS,

        Defendant.

Case No. 21-2059-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Cassandra Kincaid seeks leave to file under seal 10 exhibits supporting her response to defendant Unified School District No. 500's Motion for Summary Judgment. *See* Doc. 62. Plaintiff's only reason for sealing the exhibits is that defendant had designated them as confidential under this case's protective order. So, the court ordered defendant to respond to plaintiff's motion. *See* Doc. 66. Defendant now has responded. *See* Doc. 67. After considering defendant's arguments, the court grants plaintiff's sealing motion in part and denies it in part.

The public has a "general right to inspect and copy public records and documents[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, there's a presumption that the public should have access to judicial records. *Id.* at 602. To overcome this presumption, "'the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *see also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (explaining that the party seeking to deny the public access to judicial records

must shoulder the burden to establish that sufficiently significant interests "heavily outweigh the public interests in access[,]" and that district courts exercise discretion when deciding whether a party has met that burden (quotation cleaned up)).

To begin, defendant doesn't oppose plaintiff filing three exhibits on the court's public docket. Plaintiff has designated those exhibits as Exhibits G (Doc. 62-1), N (Doc. 62-6), and O (Doc. 62-7). The court thus denies that part of plaintiff's motion seeking leave to file those three exhibits under seal. Plaintiff must file those exhibits publicly.

Next, defendant contends that four other exhibits should remain under seal because they are "personnel records of a former employee of USD No. 500 who is not a party to this action[.]" Doc. 67 at 1. Those records are contained in Exhibits L (Doc. 62-4), M (Doc. 62-5), P (Doc. 62-8), and Q (Doc. 62-9). Defendant argues it must limit disclosure of these personnel records under Kan. Stat. Ann. § 45-221(a)(4), which provides that public agencies don't have to disclose employee personnel records—"[e]xcept to the extent disclosure is otherwise required by law[.]" Defendant also highlights that one of its Board Policies requires it to keep personnel files confidential, thus creating "a privacy interest by the employee." Doc. 67 at 1. But besides invoking that statute and that policy, defendant doesn't specify why disclosure of these documents potentially is harmful. Thus, the court determines defendants haven't overcome the presumption of public access to judicial records for these three exhibits. *See Heuertz v. Caregivers Home Health LLC*, No. 19-2756-KHV, 2021 WL 5918894, at *2 (D. Kan. Dec. 15, 2021) (denying sealing motion because although plaintiff "describe[d] or quote[d] from personnel files of non-party employees" neither party had "explained further why disclosure of the information would be harmful"); *cf. United States v. Hudson*, No. 13-20063-01, 2013 WL 4768084, at *6 (D. Kan. Sept. 5, 2013) ("The Kansas Open Records Act requires disclosure of

records 'to the extent disclosure is otherwise required by law,' which appears to contemplate disclosure of documents in response to a subpoena." (quoting Kan. Stat. Ann. § 45-221(a))). Plaintiff must file those exhibits on the court's public docket. But, the court directs plaintiff to redact any of the non-party's contact information appearing in these exhibits, *i.e.*, phone numbers, e-mail addresses, and physical street addresses.

Finally, defendant argues the last batch of exhibits—Exhibits H (Doc. 62-2), K (Doc. 62-3), and R (Doc. 62-10)—should remain under seal because they're documents created during defendant's investigation of plaintiff's claims. Much like its argument for the second grouping of exhibits, defendant contends that Kansas law requires it to limit disclosure of this exhibit group as well "to protect the privacy interests of the individual involved[.]" Doc. 67 at 2 (citing Kan. Stat. Ann. §§ 45-221(a)(2), (11) & (25) (providing that public agencies aren't required to disclose records "that are privileged under the rules of evidence," records "compiled in the process of detecting or investigating violations of civil law or administrative rules and regulations, if disclosure would interfere with a prospective administrative adjudication or civil litigation or reveal the identity of a confidential source or undercover agent[,]" nor records "that represent and constitute the work product of an attorney")). But, as with the second exhibit group, defendant doesn't explain how disclosing these exhibits would harm anyone involved. Nor does defendant explain how the exhibits fit any of the cited statutory exceptions.

In contrast, defendant does specify that Exhibit R contains student records, which must remain confidential under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. The court recognizes the sensitivity of the student information contained in Exhibit R. The court also recognizes that it granted defendant leave to file under seal other student records in this case. *See* Doc. 52 at 2. So, for consistency's sake, the court will grant plaintiff leave to

file under seal Exhibit R.  But, plaintiff must file Exhibits H and K on the court's public docket.  The court directs plaintiff to redact any personal contact information appearing in these exhibits, *i.e.*, phone numbers, e-mail addresses, and physical street addresses.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to File Under Seal (Doc. 62) is granted in part and denied in part, as explained in full by this Order.  The court grants plaintiff leave to file Exhibit R (Doc. 62-10) under seal.  But, after making any relevant redactions described in this Order, plaintiff must file the rest of her exhibits on the court's public docket.

**IT IS SO ORDERED.**

**Dated this 7th day of June, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
